IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SUSAN R. ROBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: _____ |
| | ) |
| LP CLARKSVILLE, LLC d/b/a | ) JURY DEMAND |
| SIGNATURE HEALTHCARE OF | ) |
| CLARKSVILLE, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Susan R. Roby, for her cause of action against Defendant, LP Clarksville, LLC., d/b/a Signature Healthcare of Clarksville, states:

### PARTIES, JURSDICTION AND VENUE

1. Plaintiff, Susan R. Roby, is a citizen of the State of Tennessee currently residing at 135 Carl Taylor Road, Tennessee Ridge, TN 37178.

2. Defendant, LP Clarksville, L.L.C., is a Delaware Limited Liability Company doing business as Signature Healthcare of Clarksville. Defendant's principal address is 12201 Bluegrass Parkway, Louisville, KY 40299-2361. Defendant's Registered Agent for service of process is C T Corporation System, Ste 2021, 800 S. Gay St., Knoxville, TN 37929-9710.

3. Jurisdiction is proper pursuant to *28 U.S.C §1331* as this claim is brought for violations of the Family Medical Leave Act, *29 U.S.C. §2601 et. seq.* Venue is proper pursuant to *28 U.S.C §1391(b)(2)* in the Middle District of Tennessee as the facts

1

giving rise to this claim occurred at Defendant's nursing home facility located in Clarksville, TN.

## FACTUAL ALLEGATIONS

4. LP Clarksville, L.L.C., *d/b/a* Signature Healthcare of Clarksville (hereinafter "Signature Healthcare") operates a nursing home facility located at 198 Old Farmers Road, Clarksville, TN 37043. Signature Healthcare is an employer as that term is defined under the Family Medical Leave Act, *29 U.S.C. §2611*.

5. Signature Healthcare hired Plaintiff as the Admissions/Marketing Director on May 23, 2011. She remained employed in that capacity until her termination on August 15, 2012.

6. At the time of the events giving rise to this claim Plaintiff was an employee as that term is defined in *29 U.S.C. §2611* as she had been employed by Signature Healthcare for twelve consecutive months covering at least 1,250 hours of service.

7. In April, 2012 Plaintiff learned from her physician that she needed a complete hysterectomy. Plaintiff delayed scheduling the procedure until she had been employed for over twelve months because she knew she would need to take Family Medical Leave. Plaintiff's hysterectomy was scheduled for June 28, 2012 and required that she be off of work for approximately 6 - 8 weeks.

8. Prior to the scheduled procedure Plaintiff sought, and was granted Family Medical Leave from Defendant Signature Healthcare. The attending physician statement of disability form submitted to Signature Healthcare initially called for her to return to work on August 10, 2012. The form was signed by Signature Healthcare's Human

Resource Director on June 18, 2012 confirming the approved FMLA leave.

9. Plaintiff underwent the hysterectomy as scheduled on June 28, 2012 and began her recovery. Plaintiff periodically had contact with Signature Healthcare during her leave to provide updates on her condition as well as her anticipated date of return from leave.

10. Initially, Plaintiff was scheduled to return to work on August 10, 2011, but her follow-up appointment with her physician was not scheduled until August 14, 2012. Prior to her appointment on August 14, 2012 Plaintiff was informed by her physician's office that her appointment had been rescheduled for August 20, 2012.

11. On August 13, 2012 Plaintiff spoke with Signature Healthcare's Human Resource Manager and informed her that her appointment had been rescheduled. Plaintiff asked if she could return to work on August 15, 2012, prior to her final appointment on August 20, 2012 since her job did not require any lifting. The Human Resource Manager informed her that she would need a letter from her physician stating she could return to work. A letter from her physician was sent to Signature Healthcare later that day and Plaintiff confirmed with the Human Resource Manager that the letter had been received and that she could return to work on August 15, 2012.

12. Prior to returning to work on August 15, 2012 Plaintiff heard a rumor from a co-worker's boyfriend that she would be discharged upon her return to work.

13. On August 15, 2012 Plaintiff returned to work and immediately went to meet with her administrator to discuss whether or not she was being discharged. Upon asking whether or not she was being discharged the administrator told Plaintiff that she was being terminated because Defendant needed to make some cuts. The administrator

also referenced an incident that had happened in March 2012 as a basis for the discharge. Plaintiff had not previously been warned or in any way disciplined for the alleged incident in March 2012.

14. Upon being notified that she was being terminated, Plaintiff inquired whether she would be eligible for employment at one of Signature Healthcare's other facilities if there was a position available. The administrator told her she would not be eligible unless she resigned rather than being terminated. Given that choice Plaintiff opted to resign.

15. Plaintiff subsequently was informed there was not a position available at another facility and she sought unemployment benefits. Defendant Signature Healthcare opposed her unemployment benefits on the basis that Plaintiff had resigned. Initially her unemployment benefits were denied. However, she appealed that decision and requested a hearing. The telephone hearing was scheduled for November 15, 2012. Defendant failed to appear and Plaintiff prevailed on her appeal.

16. Following her discharge Signature Healthcare hired a replacement for Plaintiff.

17. Prior to taking Family Medical Leave Plaintiff was fully and adequately performing her job duties.

18. The three different reasons given by Defendant Signature Healthcare for Plaintiff's discharge - that Defendant was making cuts, that an incident in March 2012 was a basis for her discharge, and that Plaintiff voluntarily resigned - are all demonstrably false.

## COUNT I - FAMILY MEDICAL LEAVE ACT

19. Paragraphs 4 through 18 are incorporated by reference as though fully set forth.

20. Defendant has violated the provisions of the Family Medical Leave Act located at *29 U.S.C. §2601 et. seq.*

21. Plaintiff was an employee as that term is defined in the Act, and Defendant was an employer as that term is defined in the Act.

22. Plaintiff availed herself of a protected right under the FMLA by taking medical leave because of a serious health condition which made her unable to perform the functions of her position for a period of time less than twelve weeks.

23. Defendant interfered with Plaintiff's substantive rights under the FMLA by failing to return her to her position following her leave. *See 9 U.S.C. §2614 and 29 U.S.C. §2615(a)(1).*

24. Defendant retaliated/discriminated against Plaintiff by terminating her because she took Family Medical Leave. *See 29 U.S.C. §2615(a)(1) & (2).*

25. The reasons given for her termination by Defendant are false and merely pretext.

26. Defendant is liable to Plaintiff for all lost wages, compensation, and benefits, liquidated damages in a like amount, attorney's fees and costs, and all other relief available under the Act. *See 29 U.S.C.A. §2617.*

WHEREFORE, premises considered, Plaintiff seeks judgment against Defendant for all of her lost wages, compensation, and benefits, liquidated damages in a like amount, attorney's fees and costs, and all other relief available under the Act. Plaintiff further demands a jury hear all triable issues.

Respectfully submitted,

MCCUNE ZENNER HAPPELL, PLLC

MATHEW R. ZENNER (#018969)
MALCOLM L. MCCUNE (#002660)
101 Lea Avenue
Nashville, TN 37210
Telephone: (615) 425-3476
Facsimile: (615) 515-4670
Email: mzenner@mzhlawfirm.com
Attorneys for Plaintiff,
Susan Roby